1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                   **WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

10

MICHAEL BRUCE individually and on behalf of
11  all others similarly situated,                    NO. 2:25-cv-00705-JHC

12                              Plaintiff,            **FIRST AMENDED CLASS ACTION**
                                                      **COMPLAINT FOR UNPAID WAGES**
13              v.

14
    SELLEN CONSTRUCTION CO., INC., a
15  Washington corporation;

16                              Defendant.

17

18          Plaintiff Michael Bruce, by their undersigned counsel, for their class action complaint

19  against Defendant Sellen Construction Co., Inc., alleges as follows:

20  / / /

21  / / /

22  / / /

23

24

25

26

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 1
Case No.:  2:25-cv-00705-JHC

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I.  INTRODUCTION

1.1    <u>Nature of Action.</u> Defendant has engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2    Plaintiff, and the Class and Seattle subclass members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II.  JURISDICTION AND VENUE

2.1    <u>Jurisdiction.</u> Defendant has removed this action to the United States District Court, Western District of Washington based on alleged federal question jurisdiction. Plaintiff disputes that such removal was proper, and therefore disputes this Court's subject matter jurisdiction and is moving for remand concurrent with the filing of this Amended complaint. Defendant is within the jurisdiction of the King County Washington State Superior Court where this action was originally filed, and believed jurisdiction is appropriate there. Defendant does business in the State of Washington and has operations in King County. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

/ / /

/ / /

**Justice Law Corporation**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

2.2    <u>Venue.</u> Venue is proper in King County because Defendant operates and transacts business in King County. RCW 4.12.025(1), (3). To the extent that removal *was* proper (which Plaintiff does not concede), then venue would be appropriate in the Western District of Washington because it was appropriate in King County Superior Court.

2.3    <u>Governing Law.</u> The claims asserted on behalf of Plaintiff, and the Class and Seattle subclass members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1    <u>Plaintiff.</u> Plaintiff is a resident of Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

3.2    <u>Defendant.</u> Defendant is a Washington corporation with its principal place of business in Seattle, Washington.

## IV. CLASS ACTION ALLEGATIONS

4.1    <u>Class Definition.</u> Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

4.2    <u>Seattle Subclass Definition.</u> Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a subclass defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington who worked in the City of Seattle at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1  Excluded from the Class and Seattle subclass are any entity in which Defendant has a

2  controlling interest or which has a controlling interest in Defendant, and Defendant's legal

3  representatives, assignees, and successors. Also excluded are the judge to whom this case is

4  assigned and any member of the judge's immediate family.

5       4.3     Numerosity. Plaintiff believes that more than 40 people have worked as hourly-

6  paid or non-exempt employees for Defendant in the State of Washington during the relevant

7  time period.

8       4.4     Commonality. There are numerous questions of law and fact common to

9  Plaintiff, and the Class and Seattle subclass members. These questions include, but are not

10 limited to, the following:

11          a.     Whether Defendant has engaged in a common course of failing to

12 provide Plaintiff, and the Class and Seattle subclass members with a ten-minute rest break for

13 every four hours of work;

14          b.     Whether Defendant has engaged in a common course of requiring

15 Plaintiff, and the Class and Seattle subclass members to work more than three consecutive

16 hours without a rest break;

17          c.     Whether Defendant has engaged in a common course of failing to

18 ensure that Plaintiff, and the Class and Seattle subclass members have received the rest

19 breaks to which they are entitled;

20          d.     Whether Defendant has engaged in a common course of failing to

21 provide Plaintiff, and the Class and Seattle subclass members with a thirty-minute meal break

22 for every five hours of work;

23          e.     Whether Defendant has engaged in a common course of failing to

24 ensure that Plaintiff, and the Class and Seattle subclass members have received the meal

25 breaks to which they are entitled;

26 ///

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1        f.      Whether Defendant has engaged in a common course of failing to pay

2  minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked;

3        g.      Whether Defendant has engaged in a common course of failing to pay

4  Plaintiff, and the Class and Seattle subclass members all of the overtime wages to which they

5  are entitled;

6        h.      Whether Defendant has engaged in a common course of making

7  deductions and collecting rebates from the wages of Plaintiff and the Class members by

8  requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses

9  and failing to reimburse them.

10        i.      Whether Defendant has engaged in a common course of failing to pay

11  Plaintiff, and the Class and Seattle subclass members all the wages to which they are entitled;

12        j.      Whether Defendant failed to keep true and accurate records of the

13  hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff,

14  and the Class and Seattle subclass members;

15        k.      Whether Defendant failed to furnish itemized pay statements to

16  Plaintiff, and the Class and Seattle subclass members;

17        l.      Whether Defendant willfully deprived Plaintiff, and the Class and Seattle

18  subclass members of the wages to which they were entitled;

19        m.      Whether Defendant has violated RCW 49.12.020;

20        n.      Whether Defendant has violated WAC 296-126-092;

21        o.      Whether Defendant has violated RCW 49.46.130;

22        p.      Whether Defendant has violated RCW 49.46.090;

23        q.      Whether Defendant has violated RCW 49.48.010;

24        r.      Whether Defendant has violated WAC 296-126-025;

25        s.      Whether Defendant has violated WAC 296-126-028;

26        t.      Whether Defendant has violated WAC 296-128-620;

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

u.   Whether Defendant has violated RCW 49.52.050;

v.   Whether Defendant has violated SMC 14.20.20; and

w.   The nature and extent of class-wide injury and the measure of compensation for such injury.

4.5   Typicality. Plaintiff's claims are typical of the claims of the members of the Class and Seattle subclass because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class and Seattle Subclass, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.6   Adequacy. Plaintiff will fairly and adequately protect the interests of the Class and Seattle subclass. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and Seattle subclass and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class and Seattle subclass.

4.7   Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff, and members of the Class and Seattle subclass. The common issues arising from this conduct that affect Plaintiff, and members of the Class and Seattle subclass predominate over any individual issues.

/ / /

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES – 6
Case No.:  2:25-cv-00705-JHC

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.8   <u>Superiority.</u> Plaintiff, and the Class and Seattle subclass members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class and Seattle subclass members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class and Seattle subclass members are readily identifiable from Defendant's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1   Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.2   <u>Failure to provide rest breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a paid ten-minute rest break for every four hours of work.

5.3   Defendant has engaged in a common course of requiring or permitting Plaintiff, and the Class and Seattle subclass members to work more than three consecutive hours without a rest break.

5.4   Defendant has engaged in a common course of failing to ensure Plaintiff, and the Class and Seattle subclass members have taken the rest breaks to which they are entitled.

5.5   Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with ten-minutes additional pay and/or time worked for each missed rest break.

5.6   Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 7
Case No.:  2:25-cv-00705-JHC

1    5.7    As a result of Defendant's common course of failing to provide proper rest

2    breaks to Plaintiff, and the Class and Seattle subclass members, Defendant failed to maintain

3    accurate records of hours worked by Plaintiff, and the Class and Seattle subclass members.

4    5.8    Defendant had actual or constructive knowledge of the facts set forth above.

5    5.9    <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of

6    failing to provide Plaintiff, and the Class and Seattle subclass members with a thirty-minute

7    meal break for every five hours of work.

8    5.10    Defendant has engaged in a common course of requiring or permitting Plaintiff,

9    and the Class and Seattle subclass members to work more than five consecutive hours

10    without a meal break.

11    5.11    Defendant has engaged in a common course of failing to ensure Plaintiff, and

12    the Class and Seattle subclass members have received the meal breaks to which they are

13    entitled.

14    5.12    Defendant has engaged in a common course of failing to ensure Plaintiff, and

15    the Class and Seattle subclass members are fully relieved of all work duties during their meal

16    breaks.

17    5.13    Defendant has engaged in a common course of failing to provide Plaintiff, and

18    the Class and Seattle subclass members with thirty minutes additional pay and/or time

19    worked for each missed meal break.

20    5.14    Defendant had actual or constructive knowledge of the facts set forth above.

21    5.15    <u>Failure to pay minimum wages for all hours worked.</u> Defendant has engaged in

22    a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle

23    subclass members for all hours worked.

24    / / /

25    / / /

26

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 8
Case No.:  2:25-cv-00705-JHC

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.16    Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked by failing to provide Plaintiff, and the Class and Seattle subclass members with ten minutes additional pay and/or time worked for each missed rest break.

5.17    Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked by failing to provide Plaintiff, and the Class and Seattle subclass members with thirty minutes additional pay and/or time worked for each missed meal break.

5.18    Defendant had actual or constructive knowledge of the facts set forth above.

5.19    <u>Failure to pay all overtime wages due</u>. Defendant has engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.20    Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff, and the Class and Seattle subclass members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.21    Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff, and the Class and Seattle subclass members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.22    Defendant had actual or constructive knowledge of the facts set forth above.

5.23    <u>Unlawful Deductions and Rebates</u>. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff, and the Class and Seattle subclass members.

5.24    Defendant has engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses and failing to reimburse them.

5.25    Defendant had actual or constructive knowledge of the facts set forth above.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    5.26    <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a

2 common course of failing to pay Plaintiff, and the Class and Seattle subclass members all

3 wages due at termination.

4    5.27    Defendant had actual or constructive knowledge of the facts set forth above.

5    5.28    <u>Failure to maintain accurate payroll records.</u> Under Washington law, an

6 employer must keep and preserve payroll records that detail the "[h]ours worked each

7 workday and total hours worked each workweek" and maintain those records for at least

8 three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3), and SMC

9 14.020.030.

10    5.29    Defendant has engaged in a common course of failing to keep accurate records

11 of the hours Plaintiff, and the Class and Seattle subclass members worked each day or the

12 total hours they worked each week.

13    5.30    Defendant had actual or constructive knowledge of the facts set forth above.

14    **VI.  FIRST CLAIM FOR RELIEF**

15    **(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

16    6.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by

17 reference each and every allegation set forth in the preceding paragraphs.

18    6.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington

19 demands that all employees be protected from conditions of labor which have a pernicious

20 effect on their health. The state of Washington, therefore, exercising herein its police and

21 sovereign power declares that inadequate wages and unsanitary conditions of labor exert

22 such pernicious effect."

23    6.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in

24 any industry or occupation within the state of Washington under conditions of labor

25 detrimental to their health."

26    / / /

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    6.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means

2    and includes the conditions of rest and meal periods" for employees.

3    6.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest

4    periods during their shifts.

5    6.6    Under Washington law, Defendant has an obligation to provide employees with

6    the rest breaks to which they are entitled.

7    6.7    Under Washington law, Defendant has an obligation to ensure that employees

8    receive the rest breaks to which they are entitled.

9    6.8    Under Washington law, Defendant has an obligation to provide employees with

10    ten minutes of additional pay for each missed rest break.

11    6.9    By the actions alleged above, Defendant has violated the provisions of RCW

12    49.12.020 and WAC 296-126-092.

13    6.10    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle

14    subclass members have been deprived of compensation in amounts to be determined at trial,

15    and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such

16    damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

17    **VII.  SECOND CLAIM FOR RELIEF**

18    **(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

19    7.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by

20    reference each and every allegation set forth in the preceding paragraphs.

21    7.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington

22    demands that all employees be protected from conditions of labor which have a pernicious

23    effect on their health. The state of Washington, therefore, exercising herein its police and

24    sovereign power declares that inadequate wages and unsanitary conditions of labor exert

25    such pernicious effect."

26    ///

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 11
Case No.:  2:25-cv-00705-JHC

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5    WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6    Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7    Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

7.8    Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

7.9    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

7.10    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 12
Case No.:  2:25-cv-00705-JHC

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VIII.  THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

8.1    Plaintiff, and the Class and Seattle subclass and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2    RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3    By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

8.4    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX.  FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

9.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.4     As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X.  FIFTH CLAIM FOR RELIEF

### (Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)

10.1     Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2     Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

10.3     Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

10.4     RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

10.5     By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

10.6     As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XI.  SIXTH CLAIM FOR RELIEF

### (Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)

11.1     Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

11.2    RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

11.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

11.4    As a result of the unlawful acts of Defendants, Plaintiff, and the Class and Seattle subclass members who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

### XII.  SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

12.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2    RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

12.3    Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

12.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.5    As a result of the willful, unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

### XIII.  EIGHTH CLAIM FOR RELIEF

### (Violation of SMC 14.20.020 – Failure to Pay All Compensation Owed)

13.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2    SMC 14.20.020 provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals."

13.3    SMC 14.20.025 provides that each time compensation is paid, an employer shall give written notice to the employee of all hours worked and all deductions taken by the employer for that pay period.

13.4    SMC 14.20.30 provides that the employer must also retain payroll records that document all hours worked by each employee, including straight-time and overtime hours, and records of all deductions taken from the employee's wages each pay period.

13.5    SMC 14.20.045 provides that the failure of an employer to comply with any requirement imposed upon it under Chapter 14.20 ("Wage Theft Ordinance") constitutes a violation of the ordinance.

/ / /

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 16
Case No.:  2:25-cv-00705-JHC

1    13.6    SMC 14.20.090(A) provides that "any person or class of persons that suffers

2  financial injury as a result of a violation of [the Wage Theft Ordinance] . . . may be awarded

3  reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to

4  remedy the violation including, without limitation, the payment of any unpaid compensation

5  plus interest due to the person and liquidated damages in an additional amount of up to twice

6  the unpaid compensation . . . ."

7    13.7    By the actions alleged above, Defendant has violated the provisions of SMC

8  14.20.020.

9    13.8    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle

10  subclass members have been deprived of compensation in amounts to be determined at trial,

11  and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such

12  damages, including interest thereon, an additional amount of twice the unpaid compensation,

13  and attorneys' fees and costs under SMC 14.20.090.

14                      **XIV.  PRAYER FOR RELIEF**

15        WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class

16  and Seattle subclass, pray for a judgment against Defendant, as follows:

17        A.    Certify the proposed Class and Seattle subclass;

18        B.    Appoint Plaintiff as Class representative;

19        C.    Appoint the undersigned attorneys as Class counsel;

20        D.    Declare that the actions complained of herein violate Washington law;

21        E.    Award Plaintiff, and the Class and Seattle subclass members compensatory and

22  exemplary damages;

23        F.    Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

24        G.    Award pre-judgment and post-judgment interest to Plaintiff, and the Class and

25  Seattle subclass members, as provided by law;

26   ///

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 17
Case No.:  2:25-cv-00705-JHC

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

H.      Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 16th day of May, 2025.

**JUSTICE LAW CORPORATION**

By:  */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*/s/ Dean Petitta*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT FOR
UNPAID WAGES – 18
Case No.:  2:25-cv-00705-JHC

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On May 16, 2025, I mailed by regular U.S. Mail, postage prepaid a true copy of the below and sent a courtesy copy:

### FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES

in the above-entitled matter to:

Erin M. Wilson                                    **[X] By ECF**
wilsonem@ballardspahr.com          **[X] By U.S. Mail**
Alayna Piwonski                              **[X] By Electronic Mail**
piwonskia@ballardspahr.com
**BALLARD SPAHR LLP**
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402

Ian T. Maher
maheri@ballardspahr.com
**BALLARD SPAHR LLP**
601 SW Second Avenue, Suite 2100
Portland, OR 97204

*Attorney(s)* for Defendant Sellen Construction Co., Inc.

Executed on May 16, 2025, at Pasadena, California.

*/s/ Sophia Hanneyan*
Sophia Hanneyan

JUSTICE LAW CORPORATION,
751 N. Fair Oaks Ave., Ste. 101,
Pasadena, California, 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com