UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BRUCE, individually and on behalf of all others similarly situated, | CASE NO. 2:25-cv-00705-JHC |
| Plaintiff, | ORDER |
| v. | |
| SELLEN CONSTRUCTION CO INC, | |
| Defendant. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Plaintiff Michael Bruce's Motion to Remand. Dkt. # 14. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court DENIES Plaintiff's Motion.

**II**

**BACKGROUND**

Plaintiff brings state wage-and-hour claims based on Defendant's alleged failures, among others, to provide rest breaks, meal breaks, and sick leave, and pay minimum, overtime, and

owed final wages.  A Collective Bargaining Agreement (CBA) governs the relationship between

the parties.  It provides for meal and rest breaks that exceed the standards enumerated in

pertinent state labor regulations.  *See* RCW 49.12.187.  This law specifically provides:

> [R]ules . . . regarding appropriate rest and meal periods as applied to employees in
> the construction trades may be superseded by a collective bargaining agreement
> negotiated under the national labor relations act, 29 U.S.C. Sec. 151 et seq., if the
> terms of the collective bargaining agreement covering such employees specifically
> require rest and meal periods and prescribe requirements concerning those rest and
> meal periods.

Plaintiff is an employee in the construction trade and thus the CBA between him and Defendant

falls within the scope of RCW 49.12.187.  Dkt. # 1 at 6, ¶¶ 26–27.

Plaintiff filed a putative wage-and-hour class action in Washington state court on March

19, 2025.  Dkt. # 1-2. Defendant removed the action to this Court, asserting federal jurisdiction

because Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185,

preempts Plaintiff's claims.  Dkt. # 1.

Plaintiff now moves to remand to state court, arguing that he asserts purely state-law

claims. Dkt. # 14.  Defendant responds that the parties' CBA governs the claims and so Section

301 of the LMRA grants federal courts jurisdiction over the action.  Dkt. # 20.

### III

#### DISCUSSION

Section 301 of the LMRA provides, "Suits for violation of [CBAs] . . . may be brought in

any district court of the United States having jurisdiction of the parties."  29 U.S.C. § 185.  "A

claim that falls within § 301's ambit 'is considered, from its inception, a federal claim,' and so is

subject to removal based on federal question jurisdiction."  *McCray v. Marriott Hotel Servs.,*
*Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

393 (1987)).  Under longstanding Supreme Court precedent, the LMRA completely preempts

claims, despite its lack of any express preemption language.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–10 (1985); *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962).  The parties agree that Section 301 provides a basis for removal.

The central issue is whether Section 301 preempts Plaintiff's claims, which he styles as state-law claims.  In the Ninth Circuit, the LMRA preempts state-law claims in two scenarios: when the right sought to be vindicated "exists solely as a result of the CBA," or when that right exists independently of the CBA but is "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'"  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting *Caterpillar, Inc.*, 482 U.S. at 394).  Plaintiff asserts, fleetingly, that the first scenario does not apply since he seeks "enforcement of Washington's wage and hour laws." Dkt. 14 at 5.  Plaintiff spends most of his brief arguing that the second scenario does not apply either.  Plaintiff principally contends that the CBA does not "supersede" Washington state law because it provides for "more generous" benefits to the employee.  *See* Dkt. # 14 at 6.  He says that, because it does not actually "supersede" Washington law, the CBA need not be consulted to construe the claim at issue, and Section 301 does not apply.  Defendant responds that Plaintiff's rights do arise from the CBA, that the CBA supersedes Washington law under RCW 49.12.187, and that, under *Burnside*, Plaintiff seeks to vindicate rights that "exist[] solely as a result of the CBA," triggering federal jurisdiction under Section 301.

The Court agrees with Defendant.  First, Plaintiff's reading of RCW 49.12.187 appears to depart from the plain meaning of "supersede."  Merriam-Webster defines "supersede" to mean "to cause to be set aside," "to take the place or position of," or "to displace in favor of another."[1] These definitions do not contain the element of relative inferiority suggested by Plaintiff.  Nor

---

[1] *Supersede*, Merriam-Webster, https://www.merriam-webster.com/dictionary/supersede.

1    does Plaintiff cite the Washington Supreme Court's acceptance of this definition of "supersede."

2    *See Puget Soundkeeper All. v. State, Dep't of Ecology*, 191 Wash.2d 631, 645 (Wash. 2018)

3    ("*Webster's* further defines 'supersede' as 'to cause to be supplanted in a position or function.'");

4    *see also HomeStreet, Inc. v. State, Dep't of Revenue*, 166 Wash.2d 444, 451 (Wash. 2009) ("To

5    determine the plain meaning of an undefined term, we may look to the dictionary.").  "If the

6    plain language [of a statute] is subject to only one interpretation, our inquiry ends because plain

7    language does not require construction."  *Matter of Adoption of T.A.W.*, 186 Wash.2d 828, 840

8    (Wash. 2016).  On this principle alone, the CBA at issue "supersedes" Washington state law and

9    invites federal jurisdiction under Section 301.

10           Plaintiff offers a single case from the Washington State Court of Appeals in support of

11    his position, *Jeoung Lee v. Evergreen Hosp. Med. Ctr.*, 7 Wash. App. 2d 566, 574 (2019).  But

12    contrary to Plaintiff's assertion in his reply brief, the court in that case did not specifically

13    interpret the term "supersede" and the CBA at issue explicitly incorporated state regulations on

14    meal and rest periods, unlike the CBA here, and thus could not be said to supersede them.  Nor

15    does that case evaluate that term used in RCW 49.12.187's construction industry exception.  It

16    therefore does not provide a basis to persuade the Court to either depart from the plain meaning

17    of "supersede" or read ambiguity into the statute.

18           Next, Plaintiff turns to the statute's legislative history to buttress its reading, but as the

19    Washington Supreme Court has said, if a "provision is not ambiguous," as here, then courts "do

20    not review legislative history."  *Certification from U.S. Dist. Court for W. Dist. of Wa. in Brown

21    v. Old Navy, LLC*, 567 P.3d 38, 46 (Wash. 2025); *see also Washington v. Chimei Innolux Corp.*,

22    659 F.3d 842, 847 (9th Cir. 2011) ("If the plain meaning of the statute is unambiguous, that

23    meaning is controlling and we need not examine legislative history as an aid to interpretation").

24

ORDER - 4

Defendant's reading accords with other decisions in this District.  *See, e.g.*, *Stafford v. Key Mech. Co. of Wash.*, 2021 WL 2211287, at *7 (W.D. Wash. Apr. 27, 2021), *report and recommendation adopted*, 2021 WL 2206496 (W.D. Wash. June 1, 2021) (Section 301 "preempts Plaintiff's rest and meal break claims at the first step because her rights are grounded in the CBA given the application of RCW 49.12.187's construction industry exception.").  By contrast, courts in this District reject Section 301 preemption claims when, for example, the applicable CBA does not fall within RCW 49.12.187's exception, and so the plaintiff's rights were not independent of state law under the LMRA.  *See Cheney v. Puget Sound Energy, Inc.*, 2023 WL 5445730, at *3–4 (W.D. Wash. Aug. 24, 2023) (RCW 49.12.187 inapplicable since CBA at issue did not address *both* rest and meal breaks).

## IV

### CONCLUSION

For the reasons above, the Court DENIES Plaintiff's motion for remand.  Dkt. # 14.

Dated this 14th day of August, 2025.

John H. Chun
United States District Judge

ORDER - 5